1  DAVID A. YUDELSON (SBN 325316)
   dyudelson@constangy.com
2  **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
3  2029 Century Park East, Suite 1100
   Los Angeles, CA 90067
4  Telephone: (310) 909-7775

5  Attorneys for Defendants
   RYDER INTEGRATED LOGISTICS, INC.
6  and HADCO METAL TRADING CO., LLC

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

| 11 | SALNAVE KEEFER, on behalf of himself and all others similarly situated, | Case No.: |
|---|---|---|
| 12 | | [Removal from Superior Court of California, County of Alameda, Case No. RG21111129] |
| 13 | Plaintiff, | |
| 14 | v. | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332 AND 28 U.S.C. § 1441** |
| 15 | RYDER INTEGRATED LOGISTICS, INC., a Delaware corporation; HADCO METAL TRADING CO., LLC, a Delaware corporation; and DOES 1 through 50, inclusive, | |
| 16 | | |
| 17 | | [Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement; and Declarations of David A. Yudelson, Pamela Ballas, Delores Clark, and Irina Shpilman] |
| 18 | Defendants. | |

19
20
21
22
23
24
25
26
27
28

1

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Ryder Integrated Logistics, Inc. ("Ryder"), joined by and with the consent of Defendant Hadco Metal Co., LLC ("Hadco") (collectively, "Defendants"), hereby together remove the state court action described below, which was filed in the Superior Court of California, County of Alameda, to this Court, based upon federal question and diversity jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1441. In compliance with 28 U.S.C. § 1446(a), Defendants asserts the following grounds for removal:

## PLEADINGS, PROCESS, AND ORDERS

1.  On August 25, 2021, Plaintiff Salnave Keefer ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Alameda, entitled *SALNAVE KEEFER* vs. *RYDER INTEGRATED LOGISTICS, INC., ET AL.,* Case Number RG21111129 (the "Action"). A copy of the Summons, Complaint, Civil Case Cover Sheet, and Proofs of Service of Summons filed in the Action are attached hereto as **Exhibit A** (*See* Declaration of David A. Yudelson, ¶ 2). The Action purports to allege one claim under the Fair Credit Reporting Act ("FCRA") for Failure to Make Proper Disclosure in Violation of the FCRA (*See* Exhibit A, Complaint ("Compl.")).

2.  Service of process was effected on Defendants on August 30, 2021, by and through their registered agents for service of process. Thus, this Notice of Removal is timely filed within thirty (30) days of service of Plaintiff's Complaint on Defendants. *See* 28 U.S.C. § 1446(b).

## FEDERAL QUESTION AND DIVERSITY JURISDICTION

3.  The Action is a civil action of which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332 in that it is a civil action involving a federal question, complete diversity of citizenship, and the amount in controversy is more likely than not to exceed the sum of $75,000, exclusive of interests and costs.

**I.    Federal Question Jurisdiction**

4.  This Court has original jurisdiction under 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States. Specifically, Plaintiff alleges that the background

disclosures he received violated various requirements of the FCRA, 15 U.S.C. §§ 1681 *et. seq.* This Action is therefore removable under 28 U.S.C. § 1441.

## II.     Diversity Jurisdiction

### A.     Plaintiff is a California Citizen

5.     Plaintiff alleges only that he was employed in the State of California. (*See* Exhibit A, Compl., ¶ 6). Plaintiff is, upon information and belief, also citizen of California.

6.     To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989). The natural person's state citizenship is then determined by the state of domicile, not the state of residence. (*Id.*). A person's domicile is hers or his permanent home, where she or he resides with the intention to remain indefinitely or permanently, or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile is evaluated using a number of factors, none of which are dispositive, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Bermudez v. J.C. Penney Co.*, No. CV 10-6998 PA, 2010 WL 3912223, at *1 (C.D. Cal. Oct. 5, 2010) (quoting *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986)). "The existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed, and a person's old domicile is not lost until a new one is acquired." *Lew*, 797 F.2d at 749–50.

7.     When Plaintiff applied for his position with Ryder, he supplied a California drivers' license and attested to his citizenship and domicile in California. *See* Declaration of Pamela Ballas ("Ballas Decl."), ¶3, Exhibit A). Plaintiff further represented that he had been living at his current address in California for longer than the past three (3) years. (*Id.*). Moreover, Plaintiff's resumé represented that he has been living and working in California since at least February 2013. (*Id.* at ¶3). To the best of Ryder's present knowledge, and based on the facts reasonably available to Ryder, Plaintiff has never declared or manifested an intent to have a domicile anywhere other than California. Thus, Plaintiff is a citizen of the State of California.

**B.      Defendant Ryder is a Foreign Citizen**

8.      28 U.S.C. § 1332(a)(2) provides that a district court shall have original jurisdiction over "citizens of a State and citizens or subjects of a foreign state…." 28 U.S.C. § 1332 (a)(2). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (stating same). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). The "principal place of business" for a corporation is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) ("It is the place that Courts of Appeals have called the corporation's "nerve center").

9.      The Complaint correctly alleges that Ryder is a Delaware corporation. (Compl.¶6), *See also* Declaration of Delores Clark ("Clark Decl.) ¶¶1-4). Ryder's principal place of business is located in Miami, Florida, where its officers direct, control, and coordinate Ryder's activities. (*See Id.*). Ryder's principal place of business has never been in California, nor has it ever been a California corporation. (*Id.*).

**C.      Defendant Hadco is also a Foreign Citizen and Has Consented to Removal**

The Complaint alleges Hadco is a Delaware corporation. (Compl. ¶7). Hadco is a Delaware limited liability company with its principal place of business located at 555 State Rd., Bensalem, Pennsylvania 19020, where its officers direct and control its operations from Bensalem, Pennsylvania. (Declaration of Irina Shpilman ("Shpilman Decl." ¶¶1-4). A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Hadco is Scope Metals USA, Inc., a Delaware Corporation with its principal place of business in Bensalem, Pennsylvania.

10.      Thus, under 28 U.S.C. § 1332(a), Plaintiff and Hadco are also citizens of different States. *See Sollenne Fam. Tr. v. CMG Mortg., Inc.*, 691 F. App'x 857, 858 (9th Cir. 2017) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). Under § 1446, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in

4

NOTICE OF REMOVAL

or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). *See also Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Hadco has join in and consented to this removal. (Shpilman Decl. ¶3).

### D. Fictitious Defendants are Disregarded

10. The defendants named herein as "Does 1 through 50" are fictitious. Unnamed defendants sued as "Does" are not required to join in a removal petition and their citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

### E. The Amount in Controversy Exceeds $75,000.00

11. Removal is proper if, from the allegations in the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez v Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924–25 (9th Cir. 2019) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Williams v. Warner Music Grp. Corp.*, 782 F. App'x 652, 653 (9th Cir. 2019). The amount in controversy is only "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." See *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Arias,* 936 F.3d at 927 ("[T]he amount in controversy includes all amounts 'at stake' in the litigation at the time of removal, 'whatever the likelihood that [the plaintiff] will actually recover them'") (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including compensatory damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Where a specific amount of damages is not alleged with respect to each claim, the removing defendant must show that it is more likely than not that the amount in controversy exceeds the statutory minimum. *Sanchez*, 102 F.3d at 404. Here, the aggregate of different types of relief Plaintiff seeks far exceeds the jurisdictional minimum.

12. Plaintiff seeks class action certification on behalf of a class that is defined to include:

> All of Defendants' current former and prospective applicants for employment in the United States who applied for a job with Defendants for whom a background check was performed at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

(Compl. ¶13).

On behalf of this putative class, Plaintiff seeks statutory penalties, punitive damages, costs of suit, and attorneys' fees. (Compl, Prayer for Relief).

13. Statutory penalties for the willful violation of the FCRA that Plaintiff alleges range from "not less than $100 and not more than $1,000", which are awardable as to each "consumer." *See* (Compl, ¶¶23-37); 15 U.S.C § 1681n(a)(1)(A). Plaintiff alleges that every putative FRCA Class member is a "consumer," within the meaning of the FCRA, who all received a disclosure that violated the FCRA, triggering the penalty provision of the FCRA, and punitive damages for alleged "willfulness." (Compl. ¶¶27, 33-37).

14. Although the normal rule is that multiple plaintiffs "who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement," the claims of class members *can be aggregated* to meet the jurisdictional amount requirement "when they unite to enforce a single title or right in which they have a common and undivided interest." *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (citations omitted). In this case, because Plaintiff pleads a single right to be vindicated —for the same alleged violations of FCRA's disclosures received by every putative member of the "FCRA Class" — aggregation is warranted here. In this case, there are estimated to be more than 75 putative members of the "FCRA Class," as defined in the Complaint. See (Decl. of Pamela Ballas, ¶4). Thus, that alone puts more than $75,000.00 "at stake" in this case. *See Lewis*, 627 F.3d at 400; *Arias,* 936 F.3d at 927; *Chavez*, 888 F.3d at 417.

15. Plaintiff also seeks attorneys' fees in this case fees, which are included in the amount in controversy. (*See* Exhibit A, Compl., Prayer for Relief ¶ I.); *Hunt*, 432 U.S. at 333; *Galt*, 142 F.3d at

6
NOTICE OF REMOVAL

1155-56. Additionally, "[w]here the law entitles the prevailing party to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Soriano v. LendingTree, LLC*, No. 17-CV-07078-MMC, 2018 WL 1788456, at *2 (N.D. Cal. Apr. 16, 2018).

16. Notably, in other recent FCRA cases also led by Plaintiff's counsel from this case, attorneys' fee requests on motions for preliminary settlement approval have often alone far exceeded the jurisdictional threshold. *See, e.g. ,Schofield v. Delta Air Lines, Inc.,* No. 18-CV-00382-EMC, 2019 WL 955288, at *5 (N.D. Cal. Feb. 27, 2019) ($575,000 attorneys fee request); *Burnthorne-Martinez v. Sephora USA, Inc*., No. 4:16-CV-02843-YGR, 2018 WL 5310833, at *3 (N.D. Cal. May 16, 2018) ($250,000 fee request); *Esomonu v. Omnicare, Inc.*, No. 15-CV-02003-HSG, 2018 WL 3995854, at *2 (N.D. Cal. Aug. 21, 2018) (representing on motion for preliminary approval that attorneys' fees application would not exceed $433,333.33, and costs and expenses not to exceed $40,000"). In this case, when requesting the Action be designated for California's "complex" court treatment, Plaintiff represented that this case is expected to involve "a large number of separately represented parties, extensive motion practice, a substantial amount of documentary evidence," and "a large number of witnesses." (*See* Exhibit A, Civil Case Cover Sheet).

17. Given the facts above and the demanded relief in the Complaint, the amount in controversy easily exceeds $75,000.

**VENUE**

18. The Superior Court for the County of Alameda is located within the United States District Court for the Northern District of California, wherein this Notice of Removal is being filed. Therefore, this Court is the proper Court for the removal of the State Court Action.

**COMPLIANCE WITH 28 U.S.C. § 1446**

19. No previous application has been made for the relief requested herein.

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in the State Court Action, including the Summons, Complaint, Civil Case Cover Sheet, and Proofs of Service of Summons are filed and attached with this Notice of Removal as **Exhibit A**.

21.     Defendants shall promptly serve Plaintiff with this Notice of Removal and shall promptly file a copy of this Notice of Removal with the Clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. §1446(d).

22.     By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them.

WHEREFORE, for all of the foregoing reasons, the State Court Action is removable to this Court under 28 U.S.C. §§ 1332 and 1441, and Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California.

Dated: September 27, 2021                    CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: /s/ David A. Yudelson
David A. Yudelson
Attorneys for Defendants
RYDER INTEGRATED LOGISTICS, INC. and
HADCO METAL CO, LLC

**CERTIFICATE OF SERVICE**

I, David A. Yudelson, hereby certify that, on this 27th day of September 2021, I caused the foregoing to be electronically filed with the Clerk of Court for the Northern District of California using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff Salnave Keefer:

Shaun Setareh
William M. Pao
Nolan Dilts
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, CA 90212
shaun@setarehlaw.com
william@setarehlaw.com
nolan@setarehlaw.com

/s/ David A. Yudelson
David A. Yudelson

9

NOTICE OF REMOVAL