# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RYDER INTEGRATED LOGISTICS, INC., a Delaware corporation; HADCO METAL TRADING CO., LLC, a Delaware corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SALNAVE KEEFER, on behalf of himself and all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY
August 25, 2021
CLERK OF
THE SUPERIOR COURT
By Joanne Downie, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):*
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
**RG21111129**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9665 Wilshire Blvd., Ste 430, Beverly Hills, CA 90212 (310) 888-7771

DATE: 8/25/2021
(Fecha)
Clerk (Secretary) Margaret J. Oous, Digital   , Deputy (Adjunto)

August 25, 2021

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ryder Integrated Logistics, Inc., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

SUM-100 [Rev. July 1, 2009]

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  William M. Pao (SBN 219846)
   william@setarehlaw.com
3  Nolan Dilts (SBN 328904)
   nolan@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Blvd., Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   SALNAVE KEEFER
8

FILED BY FAX
ALAMEDA COUNTY

August 25, 2021

CLERK OF
THE SUPERIOR COURT
By Joanne Downie, Deputy

CASE NUMBER:
**RG21111129**

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       FOR THE COUNTY OF ALAMEDA

11                            UNLIMITED JURISDICTION

12

| | |
|---|---|
| 13  SALNAVE KEEFER, on behalf of himself and all others similarly situated,<br><br>14<br>         *Plaintiff*,<br>15<br>     v.<br>16<br>RYDER INTEGRATED LOGISTICS, INC., a<br>17  Delaware corporation; HADCO METAL TRADING CO., LLC, a Delaware<br>18  corporation; and DOES 1 through 50, inclusive,<br>19<br>         *Defendants*.<br>20 | Case No.<br><br>**CLASS-ACTION**<br><br>**COMPLAINT**<br><br>Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act)<br><br>**DEMAND FOR JURY TRIAL** |

CLASS-ACTION COMPLAINT

1  COMES NOW, Plaintiff SALNAVE KEEFER (hereafter "Plaintiff"), on behalf of himself and
2  all others similarly situated, and complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against defendant RYDER INTEGRATED LOGISTICS, INC., HADCO METAL TRADING CO., LLC, and DOES 1 through 50 inclusively (collectively referred to as "Defendants"), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et sequitur*.

2. Plaintiff alleges that Defendants routinely acquire consumer reports to conduct background checks on Plaintiff and other prospective, current, and former employees and use information from consumer reports in connection with their hiring process without providing proper disclosures and without obtaining proper authorization in compliance with the law.

3. Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks statutory penalties due to Defendants' systematic and willful violations of the FCRA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction to hear this case because the penalties sought by Plaintiff from Defendants' conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

5. Venue is proper in Alameda County because Defendants' principal places of business are in Pennsylvania and in Florida, they are incorporated under the laws of Delaware, they do business in Alameda, and they have not registered a California place of business with the California Secretary of State. As such, venue is proper in any county in California.

## PARTIES

6. Plaintiff was employed by Defendants in the State of California.

7. Defendant RYDER INTEGRATED LOGISTICS, INC. is a Delaware corporation and does business in the State of California.

8. Defendant HADCO METAL TRADING CO., LLC is a Delaware corporation and does business in the State of California.

9. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein of the defendants sued as DOES 1 through 50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

10. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees, servants, masters, or employers of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment and with the approval and ratification of each of the other Defendants.

11. Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all Defendants, each acting as agents and/or employees and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

## CLASS ALLEGATIONS

12. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among many persons who comprise the class defined below.

13. **Class Definitions**: The class is defined as follows:

   **FCRA Class**: All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants for whom a background check was performed at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

14. **Revisions to Proposed Class Definitions**: Plaintiff reserves the right to amend or modify the class definitions by further division into subclasses and/or by limitation to particular issues and/or to exclude improper constituents as may subsequently prove necessary.

15. **Numerosity**: The class members are so numerous that the individual joinder of each

individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under federal law.

16. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These questions include, but are not limited to:

　　i. Whether Defendants willfully failed to provide the class with clear and conspicuous, stand-alone written disclosures before obtaining a background report in compliance with the statutory mandates;

　　ii. Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the consumer reporting agency conducting the investigation;

　　iii. Whether Defendants willfully failed to identify the source of the consumer report to be performed; and

　　iv. Whether Defendants willfully failed to comply with the FCRA.

17. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice, or a lack of a policy which resulted in Defendants failing to comply with the FCRA as alleged herein.

18. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

19. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class-action treatment will allow a number of similarly situated persons to simultaneously and

efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21. When Plaintiff applied for employment with Defendant, Defendants provided a disclosure and authorization form to perform a background investigation.

22. The disclosures provided by Defendants contained extraneous and superfluous language that does not consist solely of the disclosure as required by the FCRA and/or is not clear and conspicuous.

23. In violation of Section 1681b(b)(2)(A) of the FCRA, the following provisions of Defendant's disclosure documents contain extraneous information that violates the "solely" requirement of the FCRA:

    i. Defendants' disclosure is part of an employment application and includes a section stating "The Company will utilize the services of a third-party agency or consumer reporting agency to obtain a consumer report for purposes of evaluating your application, appointment and/or contract terms at the time of application and throughout your affiliation with the Company. The term "consumer report" includes communications by a third-party agency or consumer reporting agency bearing on your criminal background, driving record, education, prior employment, credit history, character or mode of living. Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying or are employed in. Pursuant to the Fair Credit Reporting Act, the Company is required to obtain your permission prior to procuring the consumer report. By signing below, you hereby authorize the Company to procure

report(s) on your background as described above from any third-party or consumer reporting agency contacted by the Company. You further authorize ongoing procurement of the above mentioned report(s) at any time that you are considered for another position with the Company or at any time during your association with the Company."

    a. This language is extraneous and noncompliant with FCRA disclosure requirements. The inclusion of this section only serves to make the disclosure unclear.

24. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a). More specifically, the disclosure does not comply with the "clear and conspicuous" requirement because (1) the disclosure is not in all capital letters; (2) the disclosure is part of an employment application; and, (3) the disclosure does not include the name, address, telephone number, and/or website of the consumer reporting agency conducting the investigation. The FCRA disclosure should be a standalone document and should disclose information about the third-party agency that is being used to procure a consumer report.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

(15 U.S.C. §§ 1681b(b)(2)(A))

**(By Plaintiff and the FCRA Class Against All Defendants)**

25. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

26. Defendants are "persons" as defined by § 1681a(b) of the FCRA.

27. Plaintiff and **FCRA Class** members are "consumers" within the meaning of § 1681a(c) of the FCRA, because they are individuals.

28. Section 1681a(d)(1) of the FCRA defines "consumer report" as

any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility…for employment purposes.

As defined, a credit or background report qualifies as a consumer report.

29. Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(b) Conditions for furnishing and using consumer reports for employment purposes
…[¶]…
(2) Disclosure to consumer
(A) In general
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-
(i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and
(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person [emphasis added].

30. Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

31. As described above, Plaintiff alleges, on information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

32. The purported disclosures do not meet the requirements under the law, because they are embedded with extraneous information and are not clear and conspicuous disclosures in a stand-alone document.

33. Under the FCRA, it is unlawful to procure or caused to be procured a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)–(ii). The inclusion of extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

34. Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information nor be part of another document. For example, in response to an inquiry as to whether the

1 disclosure may be set forth within an application for employment or whether it must be included in a
2 separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

35. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

　　i.　Defendants are large entities with access to legal advice;

　　ii.　Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

　　iii.　The plain language of the statute unambiguously indicates that inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements;

36. Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, § 1681b(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

37. Plaintiff, on behalf of himself and all **FCRA Class** members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory penalties, punitive damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of Plaintiff and all others similarly situated, prays for relief and judgment against Defendants as follows:

　　A. An order that the action be certified as a class action;

　　B. An order that Plaintiff be appointed class representative;

　　C. An order that counsel for Plaintiff be appointed class counsel;

　　D. Statutory penalties;

E. Punitive damages;

F. Injunctive relief;

G. Costs of suit;

H. Interest;

I. Reasonable attorneys' fees; and

J. Such other relief as the Court deems just and proper or as authorized by statute.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of Plaintiff and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: August 25, 2021               SETAREH LAW GROUP

SHAUN SETAREH
WILLIAM M. PAO
NOLAN DILTS
Attorneys for Plaintiff
SALNAVE KEEFER

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212 | **FILED BY FAX**<br>ALAMEDA COUNTY |
| TELEPHONE NO.: 310-888-7771   FAX NO. (Optional): 310-888-0109 | August 25, 2021 |
| ATTORNEY FOR (Name): Plaintiff, Salnave Keefer | CLERK OF<br>THE SUPERIOR COURT<br>By Joanne Downie, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | CASE NUMBER:<br>**RG21111129** |
| CASE NAME:<br>Keefer v. Ryder Integrated Logistics, Inc., et al. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify):
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/25/2021

Shaun Setareh
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh , 204514<br>Law Office of Shaun Setareh<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR (Name): Plaintiff | **FILED BY FAX**<br>ALAMEDA COUNTY<br>September 02, 2021<br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | CASE NUMBER:<br>RG21111129 |
| PLAINTIFF/PETITIONER: Salnave Keefer, et al.<br>DEFENDANT/RESPONDENT: Ryder Integrated Logistics, Inc., et al. | CASE NUMBER:<br>RG21111129 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Ryder FCRA |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:
   Complaint, Civil Case Cover Sheet, Summons

3. a. Party served: Ryder Integrated Logistics, Inc., a Delaware corporation
   b. Person Served: Corporate Creations Network Inc. - Kayla Blackwell (SOP 1) - Person Authorized to Accept Service of Process

4. Address where the party was served: 4640 Admiralty Way, 5th Floor
   Marina del Rey, CA 90292
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 08/30/2021　　(2) at (time): 12:07PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Ryder Integrated Logistics, Inc., a Delaware corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:　　Hovig Mequerditchian
   b. Address:　One Legal - P-000618-Sonoma
   　　　　　　　1400 North McDowell Blvd, Ste 300
   　　　　　　　Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 64.00
   e I am:
   　　(3) registered California process server.
   　　　　(i) Employee or independent contractor.
   　　　　(ii) Registration No.: 2016016397
   　　　　(iii) County: Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
   Date: 08/31/2021

| Hovig Mequerditchian |  |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10<br>OL# 16830666 |
|---|---|---|

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Shaun Setareh, 204514 <br> Law Office of Shaun Setareh <br> 9665 Wilshire Blvd., Suite 430 <br> Beverly Hills, CA 90212 <br> TELEPHONE NO.: (310)888-7771 <br> ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY <br> **FILED BY FAX** <br> ALAMEDA COUNTY <br> September 02, 2021 <br> CLERK OF <br> THE SUPERIOR COURT <br> By Cheryl Clark, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF <br> Superior Court of California, Alameda County <br> 1225 Fallon Street, #109 <br> Oakland, CA 94612-4293 | CASE NUMBER: <br> RG21111129 |
| PLAINTIFF/PETITIONER: Salnave Keefer, et al. <br> DEFENDANT/RESPONDENT: Ryder Integrated Logistics, Inc., et al. | CASE NUMBER: <br> RG21111129 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> Ryder FCRA |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons,

3. a. Party served: HADCO METAL TRADING CO., LLC, a Delaware corporation

   b. Person Served: CSC - Koy Saechao - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 08/30/2021    (2) at (time): 1:39PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   HADCO METAL TRADING CO., LLC, a Delaware corporation
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:        Brandon Lee Ortiz
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 32.00
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2012-37
          (iii) County: Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 08/30/2021

Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)                             (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

OL# 16830667