UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALNAVE KEEFER,<br><br>        Plaintiff,<br><br>     v.<br><br>RYDER INTEGRATED LOGISTICS, INC., et al.,<br><br>        Defendants. | Case No. 21-cv-07503-HSG<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 22 |

Pending before the Court is Defendants' motion for summary judgment. Dkt. No. 22. The Court gave the parties leave to brief a motion for summary judgment "limited to the question of whether the disclosure(s) in the form(s) produced to the individual named plaintiff comply with the relevant statutes." Dkt. No. 17. The motion has been fully briefed and the Court held a hearing on the motion. *See* Dkt. Nos. 22, 32, 35, 36. For the reasons detailed below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff Salnave Keefer applied to work for Defendants ("Ryder"). Dkt. No. 1-1 ("Compl.") ¶ 21. As part of the application process, Ryder provided Mr. Keefer with a "disclosure and authorization form to perform a background investigation." *Id.* Neither party disputes that Ryder provided Mr. Keefer with two disclosures: 1) a Background Investigation Disclosure (which Mr. Keefer received twice), and 2) a Reports Disclosure. *See* Dkt. No. 38, Transcript of May 26, 2022 Motion Hearing ("Transcript") 11:11-19.

The Background Investigation Disclosure read as follows:

//

//

# DISCLOSURE & AUTHORIZATION FOR BACKGROUND INVESTIGATION

The Company will utilize the services of a third-party agency or consumer reporting agency to obtain a consumer report for purposes of evaluating your application, appointment and/or contract terms at the time of application and throughout your affiliation with the Company. The term "consumer report" includes communications by a third-party agency or consumer reporting agency bearing on your criminal background, driving record, education, prior employment, credit history, character or mode of living. Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying or are employed in.

Pursuant to the Fair Credit Reporting Act, the Company is required to obtain your permission prior to procuring the consumer report. By signing below, you hereby authorize the Company to procure report(s) on your background as described above from any third-party or consumer reporting agency contacted by the Company. You further authorize ongoing procurement of the above mentioned report(s) at any time that you are considered for another position with the Company or at any time during your association with the Company.

☐ **Signature of Applicant**

(checking the box above is equivalent to a handwritten signature)

Dkt. No. 31 ("Tobon Decl."), Ex. B.[1]  The Background Investigation Disclosure indicates that it was signed by Mr. Keefer on April 13, 2020. *Id.*[2]

The Background Investigation Disclosure was presented to Mr. Keefer on a web form which included an "Application FAQs" hyperlink and "save and return later" and "submit" buttons. *See* Tobon Decl., Ex. A.[3]

---

[1] Defendants submitted a corrected version of the Tobon Declaration as Dkt. No. 31. Defendants represent that the only difference between the corrected version of the Tobon Declaration (Dkt. No. 31) and the version filed with the opening brief (Dkt. No. 22-1) is the addition of Mr. Tobon's signature and date. Dkt. No. 31 at 2. All references to "Tobon Declaration" in this order refer to the corrected version of the declaration, Dkt. No. 31.

[2] Mr. Keefer received the Background Investigation Disclosure twice. The Court will cite only to Exhibit B in this Order but notes that the second Background Investigation Disclosure is reproduced as Exhibit D to the Tobon Declaration. Exhibit D also indicates that it was signed by Mr. Keefer on April 13, 2020.

[3] Viewed in the light most favorable to Plaintiff, Exhibit A to the Tobon Declaration is the closest approximation in the record of the format of the disclosure as it was given to Mr. Keefer. *See* Oppo. at 16 (stating that Ex. A's "format is the *actual format* which most accurately depicts what was 'furnished' to Plaintiff pursuant to the requirements of the FCRA" (emphasis in original)); *see also* Transcript 7:5-9:3.

Ryder also provided Mr. Keefer with a Reports Disclosure, which read as follows:

**DISCLOSURE AND AUTHORIZATION TO REQUEST CONSUMER REPORTS & INVESTIGATIVE CONSUMER REPORTS**

Ryder System, Inc. ('COMPANY') will obtain a consumer report and/or investigative consumer report ("Report") that contains background information about you from **First Advantage Enterprise Screening Corporation ("First Advantage"),** 1 Concourse Parkway NE Suite 200 Atlanta, GA 30328 (http://www.FADV.com), 1-866-439-779, as part of the hiring process for this position and for any future position for which you are considered. If you are hired, to the extent permitted by law, COMPANY may obtain further Reports from First Advantage throughout your employment for an employment purpose without providing further disclosure or obtaining additional consent.

The Reports may include, but are not limited to, information regarding your character, general reputation, personal characteristics and standard of living, educational and employment history, drug/alcohol test results, OFAC/terrorist watch list, sex offender search, Social Security verification and address history, driving record and criminal record and accident history as required by the federal Motor Carrier Safety Act, subject to any limitations imposed by applicable federal and state law. This information may be obtained through direct or indirect contact with public and private sources, including former employers, schools and public agencies or other sources. If an investigative consumer report is requested, in addition to the description above, the nature and scope of any such report will be employment verifications and references, or personal references.

The Specific type of report most often requested is criminal record, driving record, accident history, and employment history. You have the right to request a complete disclosure of the nature and scope of the consumer report requested and/or prepared.

**AUTHORIZATION**

I have carefully read the foregoing Disclosure and this Authorization. By signing below, I consent to and authorize COMPANY to obtain from First Advantage the Reports described above relating to me for employment purposes.

I acknowledge receipt of a copy of the "A Summary of Your Rights Under the Fair Credit Reporting Act."

Printed Name:
Social Security #:

Signed Date:

Gender:

Tobon Decl., Ex. E.  The Reports Disclosure indicates that it was signed by Mr. Keefer on April

13, 2020. *Id.*

Mr. Keefer brings a putative class action complaint against Ryder for failure to make proper disclosure under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 *et. seq.*). *See generally,* Compl.

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).[4]

### B. FCRA Requirements

The "FCRA prohibits an employer from obtaining an applicant's consumer report without first providing the applicant with a standalone, clear and conspicuous disclosure of its intention to do so and without obtaining the applicant's consent . . ." *Gilberg v. California Check Cashing Stores*, *LLC*, 913 F.3d 1169, 1173 (9th Cir. 2019).

The FCRA states that:
> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless —
>
> (i) a *clear and conspicuous disclosure* has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that*

---

[4] Defendants request that the Court take judicial notice of the Complaint, Dkt. No. 1-1. Dkt. No. 23. The Court does not need to take judicial notice of pleadings filed on the docket in this case: they are already part of the record.

4

> *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

As used in the statute, "clear means 'reasonably understandable'" and "[c]onspicuous means 'readily noticeable to the consumer.'" *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1091 (9th Cir. 2020) (quotations omitted).

As to the standalone requirement, "the FCRA's disclosure requirements do not allow for the inclusion of any extraneous information in the consumer report disclosure, even if such information is related to the disclosure." *Id.* at 1084. But the Ninth Circuit has held "that beyond a plain statement disclosing 'that a consumer report may be obtained for employment purposes,' some concise explanation of what that phrase means may be included as part of the 'disclosure.'" *Id.* (quoting 15 U.S.C. § 1681b(b)(2)(A)(i)). "For example, a company could briefly describe what a 'consumer report' entails, how it will be 'obtained,' and for which type of 'employment purposes' it may be used." *Id.* (quoting 15 U.S.C. § 1681b(b)(2)(A)(i)). The standalone requirement also does not prevent the employer from presenting the disclosure alongside other employment documents or application materials, as long as the disclosure itself appears in a standalone document. *See Luna v. Hansen & Adkins Auto Transp., Inc.*, 956 F.3d 1151, 1152-53 (9th Cir. 2020) (stating that prohibiting employers from presenting a disclosure along with other application materials would "stretch[] the statute's requirements beyond the limits of law and common sense"); *Gilberg*, 913 F.3d at 1174 (disagreeing with plaintiff's argument that "the relevant document for our analysis includes every form [plaintiff] filled out in the employment process — a total of four pages").

**III.   DISCUSSION**

Defendants contend that there is no triable issue as to whether the disclosures complied with the FCRA because 1) they were clear and conspicuous, and 2) they were provided to Mr.

5

Keefer as standalone documents. The Court agrees.[5]

### A. Clear and Conspicuous

The Court finds that the Background Investigation Disclosure complied with the FCRA's "clear and conspicuous" requirement because it was "reasonably understandable" and "readily noticeable to the consumer." *Walker*, 953 F.3d at 1091.

Plaintiff argues that the disclosure does not meet the clear and conspicuous requirement for several reasons. None of Plaintiff's arguments are persuasive in light of Ninth Circuit precedent.[6]

#### i. Background Investigation Disclosure

Plaintiff first argues that the Background Investigation Disclosure is unclear because it includes the phrase "third-party agency or consumer reporting agency" which might lead a reasonable applicant to believe that "something other than a consumer reporting agency would be used to prepare a consumer report." Oppo. at 11. The Court finds that this phrase does not violate the FCRA's clear and conspicuous requirement because it "does not create confusion as to the

---

[5] Defendants argue that "the Court need not even consider the Reports Disclosure" because Defendants met the FCRA's requirements by providing Plaintiff with the Background Investigation Disclosure. Mot. at 12 n.5. Defendants further argue that "[a]ny subsequent information provided by Ryder is not at issue because the FCRA does not limit what can be sent after and beyond the compliant disclosure." *Id.* Plaintiff argues that presenting prospective employees with multiple disclosures "opens the floodgates to a host of . . . issues, including whether the first disclosure presented must be compliant, whether all disclosures must be compliant, whether just one disclosure must be compliant . . ." Oppo. at 22. The Court agrees with Defendants: the FCRA requires that companies provide prospective employees with "*a* clear and conspicuous disclosure" before procuring a consumer report for employment purposes. 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added). For the reasons set forth below, the Court finds that Defendants fulfilled this requirement by giving Mr. Keefer the Background Investigation Disclosure. The Court therefore finds that it need not evaluate the Reports Disclosure.

Nonetheless, the Court finds that the Reports Disclosure meets the FCRA's "clear and conspicuous" and "standalone document" requirements in all respects except one. The Reports Disclosure mentions a document called "Summary of Your Rights Under the Fair Credit Reporting Act." Tobon Decl., Ex. E. Ninth Circuit precedent suggests that referencing this document is extraneous information. *See Gilberg*, 913 F.3d at 1176 (stating that the "disclosure refers not only to rights under FCRA . . . applicable to Gilberg, but also to . . . extraneous documents that are not part of the FCRA-mandated disclosure — e.g., . . . a 'Summary of Your Rights Under the Fair Credit Reporting Act.' Because the presence of this extraneous information is as likely to confuse as it is to inform, it does not further FCRA's purpose"). If the Background Investigation Disclosure were not compliant with the FCRA's requirements, the Court would be compelled to deny summary judgment only as to this one narrow issue.

[6] Plaintiff does not appear to contest the disclosures' conspicuousness, except to the extent he takes issue with multiple disclosures being made. This argument is addressed below.

person or entity that will conduct the report." *Warr v. Cent. Garden & Pet Co.*, No. 20-CV-09405-JST, 2021 WL 6275013, at *7 (N.D. Cal. Sept. 21, 2021).

In a similar vein, Plaintiff argues that the phrase "the Company" is unclear because it does not specify which company would be obtaining the report. Oppo. at 15. This argument is not persuasive. As Ryder points out, Mr. Keefer "applied for a position with Ryder Integrated Logistics, Inc., accessed the application through Ryder's system, and provided his authorization . . . for a consumer report to be obtained as part of that process." Reply at 14. The Court therefore finds that the use of "the Company" did not prevent the disclosure from being "reasonably understandable." *Walker*, 953 at 1091.

Mr. Keefer also argues that the phrase "appointment and/or contract terms" is not clear. Oppo. at 12-13. The Court again disagrees: this disclosure was provided in the context of an employment application and the Court finds that both "appointment" and "contract terms" have reasonably understandable meanings in this context.

The Court finds that the Background Investigation Disclosure met the FCRA's clear and conspicuous disclosure requirement.

### ii. Multiple Disclosures

Plaintiff also argues that Ryder violated the FCRA's conspicuousness requirement when it provided Plaintiff with two different disclosures, one of which it provided Plaintiff twice during the application process. *See* Oppo. at 22-23 ("How is the statutorily mandated disclosure supposed to conspicuously stand out among a host of similar documents?"). Plaintiff cites no law in support of his argument that providing multiple disclosures violates the FCRA's conspicuousness requirement. The Court finds that the Background Investigation Disclosure was conspicuous even though Defendants gave Plaintiff multiple disclosures, because it was still "readily noticeable to the consumer." *Walker*, 953 F.3d at 1091.

### B. Standalone Document

The Court finds that the Background Investigation Disclosure complied with the FCRA's standalone document requirement because the disclosure was presented as a standalone document and did not include any extraneous information. *See Walker*, 953 F.3d at 1084. Plaintiff argues

that the disclosure violated the standalone document requirement for several reasons, none of which are persuasive.

### i. Links, Text, and Logos

Plaintiff firsts argues that the digital form that Mr. Keefer filled out contained extraneous information, including a progress indicator, text like "Candidate Forms 1/2," navigation buttons (such as "Save & Return Later" and "Submit"), a logo for iCIMS (which appears to be the applicant tracking system) and the Ryder logo and trademark, and an "Application FAQs" hyperlink. Oppo at 16-19, 20. The Court finds that the company logos and trademarks are not extraneous information in violation of the FCRA's standalone document requirement. *See Williams v. Savage Servs. Corp.*, No. CV 19-6497 DSF (AGR), 2020 WL 13328483, at \*5 (C.D. Cal. Oct. 7, 2020) (stating that a disclosure had "only the agency's logo and information, and the authorization" and that "[n]either qualifies as extraneous information"); *see also Luna*, 956 F.3d at 1153-54 (describing a disclosure as containing "employer logos" and going on to find the disclosure to be both "clear and conspicuous" and a "standalone document").[7]

All of the other items Plaintiff challenges appear to be direct result of the digital nature of the form Mr. Keefer was given. Mr. Keefer has not cited any case law that would support the conclusion that companies must provide FCRA disclosures to their employees on a blank screen devoid of any navigation buttons, progress indicators, and logos or hyperlinks. Requiring this "would stretch[] the statute's requirements beyond the limits of law and common sense," much like requiring that a disclosure be provided entirely alone, without any other application materials. *Cf. Luna*, 956 F.3d at 1152-53.

The Court finds that the links, texts, and logos did not violate the standalone document requirement of the FCRA.

//

---

[7] In addition to the issues identified, Mr. Keefer also argues that the form would have included the name of the position to which Mr. Keefer was applying (even though this is not the position listed on Ex. A) and text reading "2 months ago." Oppo. at 17. The name of the position to which Mr. Keefer was applying is not "extraneous" information. And although it is not clear what the purported context was for the phrase "2 months ago," *see id.*, this sort of administrative detail in the website does not amount to extraneous information either.

### ii. Other phrases

Mr. Keefer argues that the phrases "third-party agency," and "appointment and/or contract terms" in the Background Investigation Disclosure are extraneous information. The Court disagrees: this information briefly describes "how [the report] will be 'obtained,' and for which type of 'employment purposes' it may be used." *Walker*, 953 F.3d at 1084 (quoting 15 U.S.C. § 1681b(b)(2)(A)(i)). This is not extraneous information.

Mr. Keefer also argues that the statement that the company could request reports about "education . . . credit history, character or mode of living" and the explanation that "[c]redit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applied or are employed in" is extraneous because "it contains a laundry list of items that Ryder does not even perform on applicants for the position for which Plaintiff was applying." Oppo. at 13. This argument is unavailing. The contested language again provides the applicant with helpful information regarding "what a 'consumer report' entails . . . and for which type of 'employment purposes' it may be used." *Walker*, 953 F.3d at 1084 (quoting 15 U.S.C. § 1681b(b)(2)(A)(i)).

The Court finds that the challenged phrases and statements did not violate the standalone document requirement of the FCRA.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion for Summary Judgment.[8] The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: 2/1/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[8] The Ninth Circuit has not conclusively decided whether clarity and conspicuousness under FCRA are questions of law. *See Gilberg*, 913 F.3d at 1177 (explaining that "[i]n the TILA context, we have said that clarity and conspicuousness are questions of law" and that "[b]ecause neither party suggests we should treat FCRA differently, we assume for the purposes of our analysis, without deciding, that clarity and conspicuousness under FCRA present questions of law rather than fact"). Given the undisputed facts here, even if clarity and conspicuousness do not present pure questions of law, summary judgment is warranted for the reasons discussed.